UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    For Online Publication Only
FREEDOM MORTGAGE CORPORATION,

                                    **ORDER**

                           Plaintiff,      18-cv-05621 (JMA) (AKT)

          -against-                                      **FILED**
                                                      **CLERK**

CHRISTIAN P. MATHEWS, MARIUXI MATHEWS,    5/6/2019 10:32 am

                                                    **U.S. DISTRICT COURT**
                                Defendants.   **EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X    **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

       Plaintiff Freedom Mortgage Corporation (the "Plaintiff") brought this diversity action against defendants Christina P. Mathews and Mariuxi Mathews (the "Defendants") seeking to foreclose on a mortgage encumbering the property at 521 7th Avenue, New Hyde Park, New York 11040 (the "Subject Property"). (See Compl., ECF No. 1.) Before the Court is Plaintiff's motion for default Judgment of Foreclosure and Sale against the Defendants pursuant to Fed. R. Civ. P. 55(a) and New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. (ECF Nos. 11, 12, 13.) Plaintiff requests that the Court appoint a Referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1321 and Fed. R. Civ. P. 53. Plaintiff further requests reformation of the legal description of the Mortgage[1] and an Order directing the Nassau County Clerk's Office to correctly index the initial mortgage. Plaintiff also moves for monetary damages, as well as attorneys' fees. For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded damages and additional relief as described below.

---

[1] The "Mortgage" refers to the initial mortgage dated February 12, 2016; the gap mortgage dated October 26, 2016, and the Consolidation, Extension, and Modification Agreement dated October 26, 2016.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants were properly served in this action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Here, Plaintiff appends to the Complaint a Certificate of Merit Pursuant to CPLR 3012-B which includes copies of the Mortgage, the mortgage notes, and the assignment of the Mortgage to Plaintiff. (ECF No. 1-3.) Moreover, Plaintiff includes an affidavit from Lisa Thomas, a specialist of Plaintiff, affirming that the Mortgage is in default, and appending a copy of the notice of default sent to the Defendants. (ECF No. 12-1, Ex. F.). This documentary evidence, together with the allegations in the complaint, is sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Kimberly D. Lerner, Esq., to effectuate the sale of the Subject Property.

Plaintiff also requests that the legal description contained in the Mortgage be corrected to fix a typographical error, specifically that the Mortgage be corrected to recite the correct Filed Map

recording information and preamble to reference "Covert Park", not "Coven Park." Plaintiff also notes that the initial mortgage dated February 12, 2016 and recorded in the Nassau County Clerk's Office on May 2, 2016 under book 41190 at page 345 was inadvertently only indexed against Section 32, Block 097, and Lot 87, but should have also been indexed against Lot 88, as the remaining mortgages were, and asks that the February 12, 2016 mortgage be correctly indexed. The Court will direct the Nassau County Clerk's Office to correct those errors.

### C. Damages

In addition to reformation of the legal description of the Mortgage and foreclosure of the Subject Property, plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the Principal Balance of $432,347.59 owed by the Defendants on the Note and Mortgage, together with interest on that amount at 3.375% per annum. Plaintiff also seeks recovery of various charges and disbursements due under the Note and Mortgage, amounting to: $14,194.67. The Court finds that Plaintiff's submissions, including the complaint and affidavit from Lisa Thomas, together with the exhibits annexed thereto, establish the damages to a reasonable certainty. Accordingly, Plaintiff is awarded $446,542.26 in damages and

$17,231.38 in interest on the Principal Balance calculated at 3.375% per annum from March 1, 2018 through the date of this Order (calculated at a per diem rate of $39.98).

**D. <u>Attorneys' Costs</u>**

Plaintiff also requests an award of $2,228.38 in litigation costs incurred in litigating this action. (ECF No. 12-1, Ex. G.) Under both the Note and the Mortgage, Plaintiff is entitled to the recovery of attorney's fees and costs in the event of a default. The Court has reviewed the supporting documentation and finds the litigation costs detailed therein to be reasonable. Accordingly, Plaintiff is awarded $2,228.38 in litigation costs.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against the Defendants is granted, as is Plaintiff's request to reform the legal description of the mortgage and to direct the Nassau County Clerk's Office to correctly index the February 12, 2016 mortgage. Plaintiff is awarded $446,542.26 in damages and $17,231.38 in interest on the Principal Balance (calculated at a per diem rate of $39.98 from March 1, 2018 through the date of this Order), together with $2,228.38 in litigation costs, for a total monetary award of $466,002.02 The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court will be directed to close this case.

**SO ORDERED.**

Dated: May 6, 2019
   Central Islip, New York

                /s/ (JMA)
               JOAN M. AZRACK
               UNITED STATES DISTRICT JUDGE